Choc Caal v. Garland

BIA
Driscoll, IJ
A216 649 808

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand twenty-four.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> *Circuit Judges.*

_____

MARCOS CHOC CAAL,
> *Petitioner*,

v.                                                                     22-6408
                                                                       NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                Ilana R. Herr, Anna Alexandra Mintz,
                               American Friends Service Committee,
                               Newark, NJ.

**FOR RESPONDENT:**     Brian Boynton, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Brendan Paul Hogan, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Marcos Choc Caal, a native and citizen of Guatemala, seeks review of a July 29, 2022 decision of the BIA affirming a February 11, 2022 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Marcos Choc Caal*, No. A216 649 808 (B.I.A. July 29, 2022), *aff'g* No. A216 649 808 (Immigr. Ct. Batavia Feb. 11, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA – i.e., minus the grounds for denying relief upon which the BIA did not rely. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). Choc Caal has abandoned any challenge to the agency's denial of his application for asylum as untimely by not raising this issue in his brief, so we consider only his withholding of removal and CAT claims. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider

2

abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)). We review the agency's factual findings under the substantial evidence standard, and review questions of law and the application of law to fact de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In his application, Choc Caal asserted that he and other indigenous children were harassed and beaten by older children at school. He represented that, although the teachers punished the students, those students would retaliate and beat up the indigenous students for reporting them. As an adult, he had difficulty finding employment. Unable to find work, he enlisted in the Guatemalan army in 2012 at the age of 19 and was assigned to a brigade that targeted narcotics traffickers. In 2013, a former soldier purportedly told him the cartel would kill him and his family if he refused to desert the army and join the traffickers. Choc Caal agreed to do so, but only after he finished his term of service. When his term ended, he instead went into hiding and then came to the United States. Traffickers thereafter allegedly went to his father's house and asked about Choc

3

Caal's whereabouts. And the former soldier who had tried to recruit him reached out via Facebook and told Choc Caal that they would look for him. He feared traffickers would kill him for refusing recruitment or target him because of his military experience. He believed the traffickers would be able to find him because local officials are corrupt and he would be required to register with local authorities wherever he were to live in Guatemala.

To qualify for withholding of removal, an applicant must establish past persecution or that he will "more likely than not" be persecuted, 8 C.F.R. § 1208.16(b)(1), (2), and that such persecution was, or will be, because of the applicant's "race, religion, nationality, membership in a particular social group, or political opinion," 8 U.S.C. § 1231(b)(3)(A). A CAT applicant must show that he will "more likely than not" be tortured if removed. 8 C.F.R. § 1208.16(c)(2). Here, the agency reasonably concluded that Choc Caal did not suffer harm rising to the level of persecution and that he did not establish that he would more likely than not be persecuted or tortured in the future.

## I. Past Persecution

A past persecution claim can be based on harm other than threats to life or freedom, including "non-life-threatening violence and physical abuse," *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently

4

severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006). The agency must consider the past harm suffered in the aggregate. *See Poradisova v. Gonzales*, 420 F.3d 70, 79–80 (2d Cir. 2005).

First, Choc Caal testified that he was "mistreated" at school because he was indigenous and did not speak Spanish. Certified Admin. Record at 208. The IJ reasonably concluded that these "schoolyard incidents" did not rise to the level of persecution and noted Choc Caal's testimony that the teachers intervened to stop this bullying. *Id.* at 82; *see also Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) ("[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." (internal quotation marks omitted)).

Second, Choc Caal's contention that there were "not many opportunities for indigenous people," Certified Admin. Record at 316, without more, did not demonstrate harm rising to the level of persecution. *See Guan Shan Liao v. U.S. Dep't of Just.*, 293 F.3d 61, 70 (2d Cir. 2002) ("recogniz[ing] that economic deprivation may constitute persecution, [but] an asylum applicant must offer some proof that he suffered a deliberate imposition of substantial economic disadvantage" (internal quotation marks omitted)).

Finally, the agency did not err in finding that Choc Caal's experiences with narcotics traffickers did not rise to the level of persecution. We have held that

5

"unfulfilled threats alone generally do not rise to the level of persecution." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (alterations incorporated and internal quotation marks omitted). "To warrant a different conclusion, an applicant must adduce objective evidence that the threat was so imminent or concrete or so menacing as itself to cause actual suffering or harm." *Id.* (citations and internal quotation marks omitted). Here, the agency reasonably concluded that Choc Caal did not meet his burden of demonstrating that the threats were sufficiently imminent, concrete, or threatening. Indeed, he offered no evidence that the traffickers took any steps to act on their threats against him or harmed anyone else who refused to obey their commands, or that he was harmed when he refused to join before he completed his full term with the army. *See id.*; *see also Secaida-Rosales v. INS*, 331 F.3d 297, 303–05 (2d Cir. 2003) (remanding where applicant received four death threats and was hit by a car and severely injured, followed by a threat that he "would not be so lucky a second time"), *superseded by statute on other grounds as stated in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163–64 (2d Cir. 2008).

Choc Caal argues that the agency failed to consider the harm described above in the aggregate. We disagree. The IJ evaluated the various harms Choc Caal asserted, including the childhood incidents related to his indigenous

6

background and the threats he received before and after leaving Guatemala. While the IJ did not expressly state that the purported harms taken together did not rise to the level of persecution, we "presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). Moreover, the BIA considered Choc Caal's arguments about aggregate harm and concluded that he had not established past persecution. Choc Caal has not established that this ruling was erroneous. As discussed above, the agency reasonably concluded that the threats were not sufficiently imminent, concrete, or severe. With regard to Choc Caal's claims regarding his experiences in childhood, the IJ specifically noted Choc Caal's testimony that teachers intervened in the bullying in concluding that this mistreatment merely amounted to a series of schoolyard incidents. There was no evidence that the bullying would meet the definition of persecution—that is, harm by state actors or by private actors that the state is "unable or unwilling to control." *Scarlett*, 957 F.3d at 328 (internal quotation marks omitted). Nor has Choc Caal offered any evidence of deliberate economic harm, acknowledging that he found employment in the military. *See Guan Shan Liao*, 293 F.3d at 70.

7

## II.     Future Persecution or Torture

Having failed to establish past persecution, Choc Caal had the burden to "demonstrate a clear probability of future persecution," meaning that it was "more likely than not" that he would be persecuted in the future. *Jian Liang v. Garland*, 10 F.4th 106, 112 (2d Cir. 2021) (internal quotation marks omitted); *see also* 8 C.F.R. § 1208.16(b)(2).     An applicant can establish a clear probability of future persecution either by showing that he would be "singled out" for persecution, 8 C.F.R. § 1208.16(b)(2), or that the country of removal has a "pattern or practice" of persecuting "similarly situated" people, *id.* § 1208.16(b)(2)(i).    Choc Caal's future-persecution claim is based on his fear of retaliation or recruitment attempts from cartels because of his military background.

The record supports the agency's determination that Choc Caal failed to establish a clear probability of future persecution.   Choc Caal argues that the agency ignored country conditions evidence reflecting a pattern or practice of persecution against former soldiers in Guatemala.   But the IJ clearly reviewed the country conditions evidence, noting that the report stating that cartels had been recruiting Guatemalan soldiers only "goes through March of 2012" and that, because the removal hearing occurred in 2022, the report was "of little use given its age."   Certified Admin. Record at 77–78.   Notably, while the report notes

8

widespread gang violence, it does not state that soldiers were routinely killed for refusing to join gangs or cartels. Further, Choc Caal has not identified country conditions evidence to support his contention that the cartels currently target former soldiers for recruitment or harm them if they refuse to join. On this record, Choc Caal failed to establish that his fear based on recruitment by the cartels was more than speculative. *See Singh v. Garland*, 11 F.4th 106, 116–17 (2d Cir. 2021) ("General country-conditions evidence does not on its own compel the conclusion that an individual will be persecuted or that internal relocation is insufficient to avert persecution.").

Choc Caal also challenges the agency's reliance on the fact that his family remains unharmed in Guatemala. While it is true that his family members may not be similarly situated to Choc Caal insofar as they are not former members of the military, he nonetheless claimed that the cartel threatened to harm them. The absence of such harm and the lack of continued threats against his family undercuts the objective reasonableness of his fear that the cartel will follow through on past threats. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (explaining that the absence of evidence of persecution of family members located in the country of removal "cuts against" finding a fear of future persecution).

9

Finally, the agency did not err in also relying on Choc Caal's ability to relocate within Guatemala. "In cases in which the applicant has not established past persecution, the applicant shall bear the burden of establishing that it would not be reasonable for him . . . to relocate, unless the persecutor is a government or is government-sponsored." 8 C.F.R. § 1208.16(b)(3)(i). Choc Caal testified that he would have to register with the local mayor wherever he relocated, and the government is corrupt and would give his location to the cartel. However, while the country conditions evidence reflects widespread corruption, it does not discuss specific cooperation between local officials and narcotics traffickers or report efforts of local officials to identify former military members for the cartels. Given the burden on Choc Caal to demonstrate by a preponderance of the evidence that he could not safely relocate within Guatemala, the absence of evidence is dispositive. *See id.* § 1208.16(b)(3); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision.").

In sum, the agency reasonably found that Choc Caal failed to establish that he would "more likely than not" be persecuted as he presented no evidence that former soldiers are targeted for refusing to join the cartel, and neither he nor his

family have been contacted since 2015.   8 C.F.R. § 1208.16(b)(2); *see Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support in the record," an applicant's fear of future persecution is "speculative at best").   Choc Caal's failure to establish a clear probability of future harm is dispositive of both withholding of removal and CAT relief.   *See* 8 C.F.R. § 1208.16(c)(2); *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is **DENIED**.   All pending motions and applications are **DENIED** and stays **VACATED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

11